IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 2:24-cr-125-ECM-KFP |
| | ) |
| KYLE BENJAMIN DOUGLAS CALVERT | ) |

**MOTION FOR PROTECTIVE ORDER
CONCERNING SENSITIVE DISCOVERY MATERIAL**

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Government respectfully moves for a protective order concerning certain sensitive discovery material in this case. In support of this motion, the Government states as follows:

1. The indictment in this case charges the defendant with one count of Malicious Use of an Explosive and one count of Possession of Unregistered Firearm or Destructive Device.

2. The undersigned AUSA is preparing discovery to be provided to the defense in accordance with the Court's standing discovery order.

3. Discovery in this case will include evidence in the form of documents and/or videos regarding persons not charged with any offense and documents that may contain personally identifying information ("PII") of the defendant, other persons of interest, or witnesses (hereinafter "Protected Discovery Material").

4. This Protected Discovery Material may contain personal, sensitive, or proprietary information of other persons of interest, witnesses, and/or other third parties, as well as data that may prove to be irrelevant to this case.

5. To ensure compliance with the Government's discovery obligations and expedite the exchange of discovery material between the parties, the Government seeks to disclose the Protected Discovery Material to the defendant pursuant to the Protective Order.

6. Rule 16(d)(1) of the Federal Rules of Criminal Procedure authorizes this Court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" upon a showing of good cause.

7. The discovery materials in this case will be voluminous. Throughout the materials will be sensitive information pertaining to individuals who are not parties to the litigation, including unredacted personal identifiers. Some of the discovery may be subject to the Privacy Act, 5 U.S.C. § 552a. Redaction of the sensitive information would be unduly burdensome, would be subject to error given the volume of discovery materials and is not feasible given the voluminous nature of discovery.

8. Here, there is good cause for this Court to restrict the defendant's use, dissemination, and disposition of the Protected Discovery Material according to the terms set forth in the Protective Order because it will allow the Government to provide extensive discovery to the defendant, while protecting the personal information of other persons and witnesses in this case.

9. To properly balance the defendant's rights with the privacy interests of those whose Protected Discovery Material is contained in these records, the Government requests that the Court enter a protective order pursuant to Fed. R. Crim. P. 16(d)(1) that:

    a. permits the Government to disclose to defense counsel the discovery containing Protected Discovery Material; and

    b. requires defense counsel:

        i. to use the Protected Discovery Material only as necessary to prepare and present their client's defense;

        ii. to acknowledge that their client understands the sensitive nature of this discovery, that this discovery should not and will not be shared with

      anyone beyond defense counsel and professional members of the defense team (including paralegals, legal assistants, and expert witnesses), and that all such material in the possession of the defense team will be returned or destroyed following the completion of the case;

  iii. not to leave the Protected Discovery Material in the control or custody of the defendant or any person who is not a professional member of the defense team;

  iv. to limit the defendant's access to electronically stored discovery so that the defendant cannot print, download, or otherwise retain Protected Discovery Material; and

  v. to collect and return to the Government all paper and electronic copies of the Protected Discovery Material at the conclusion of the litigation in this case, or, alternatively, to destroy those items and confirm their destruction to the Government.

10. Such a protective order would provide defense counsel with needed access to Protected Discovery Material while appropriately protecting sensitive information.

11. The undersigned has been unable to discuss the contents of this motion with counsel for the defendant, Cecilia Vaca; therefore, her position on this motion is unknown.

WHEREFORE, the Government respectfully requests that the Court enter the proposed protective order accompanying this motion.

Respectfully submitted on this the 10th day of April, 2024.

        ACTING UNITED STATES ATTORNEY
        JONATHAN S. ROSS

        */s/ Brett J. Talley*
        Brett J. Talley
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, AL  36104
        Tel: (334) 223-7280
        Fax: (334) 223-7135
        Email: brett.talley@usdoj.gov

        */s/ Russell T. Duraski*
        Russell T. Duraski
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, AL 36104
        Tel: (334) 223-7280
        Fax: (334) 223-7135
        Email: russell.duraski@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALAMAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:24-cr-125-ECM-KFP |
| | ) | |
| KYLE BENJAMIN DOUGLAS CALVERT | ) | |

**CERTIFICATE OF SERVICE**

I certify that on the 10th day of April 2024, I filed this document electronically with the United States District Court for the Middle District of Alabama using the CM/ECF system, and thereby caused a copy to be served on the defendant's counsel of record.

ACTING UNITED STATES ATTORNEY
JONATHAN S. ROSS

/s/ *Brett J. Talley*
Brett J. Talley
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36104
Tel: (334) 223-7280
Fax: (334) 223-7135
Email: brett.talley@usdoj.gov

5