IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CR-125-ECM-KFP |
| | ) | |
| KYLE BENJAMIN DOUGLAS CALVERT | ) | |

## **PROTECTIVE ORDER**

Upon consideration of the Government's Motion for Protective Order (Doc. 6), Defendant's response (Doc. 12), and the proposed order submitted by the parties (Doc. 12-1), it is ORDERED, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, that the motion is GRANTED and that the following will control the handling of the Protected Discovery Material in this case.

Protected Discovery Material to be provided to the defendant in this case will include, among other things, documents and records that may contain personal and confidential information of the defendant, other persons of interest, and witnesses, such as dates of birth, personal identifiers, street addresses, phone numbers, etc. Due to the sensitive nature of the materials, the Court places following restrictions on the use and disclosure of the materials:

1. Counsel for the defendant may share the Protected Discovery Material only with counsel's support staff and investigators or experts working with counsel ("the defense team") to the extent necessary to provide a defense in this case, including any direct appeal.

2. The defendant shall not retain any Protected Discovery Material inside of any jail or detention facility. The defendant shall only review the Protected Discovery Material inside of such a facility in the presence of a member of the defense team.

3. Members of the defense team may use the Protected Discovery Material to question witnesses to the extent necessary to prepare a defense in this case, including showing the materials to such witnesses, but shall not allow such witnesses to retain copies of the discovery unless the discovery is the witnesses' own statements.

4. Counsel for the defendant, prior to sharing any Protected Discovery Material with any member of the defense team, shall inform that person about the limitations set forth in this Order.

5. Should the parties wish to attach any Protected Discovery Material to any pleadings filed with the court, those discovery materials shall be filed under seal. Similarly, the identities of other persons of interest or witnesses shall not be identified in public pleadings and shall only be referred to as persons of interest or witnesses.

6. If defense counsel desires to disclose any Protected Discovery Material or make available or communicate the content of such discovery to any other person not described in this Order or for any purpose other than to prepare a defense in this criminal case, counsel must first advise the Government, and the parties should attempt to reach an informal resolution of or agreement on

the matter. If an agreement cannot be reached, counsel for the defendant shall apply to the Court for relief from this Order.

7. This Order solely governs the defendant's and defense team's use of Protected Discovery Material specifically produced or made available by the Government in this criminal action. This Order does not limit the defendant's and the defense team's use of documents that they might already possess prior to receiving discovery or might obtain through other means. Moreover, this Order does not limit the defendant's and defense teams' use of documents produced in discovery that have fully redacted any Protected Discovery Material.

8. This Order shall survive the final termination of this case, including the direct appeal. Upon termination of this case and any direct appeal or other proceeding relating to the criminal action, counsel for the defendant shall return all copies of the Protected Discovery Material to the Government.

DONE this 11th day of April, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE